# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

ANNIE E. EVERETT, Respondent, v. FRANK L. LOCK-
WOOD, Appellant.

*Payment of installments under contract — in action of ejectment brought for non-pay-
ment — burden of proof as to payments.*

· Appeal from a judgment in favor of the plaintiff, entered upon
the report of a referee.

The action was ejectment, brought by the plaintiff as heir at law
of Richard Everett, deceased, to recover the possession of certain
premises which the defendant occupied under a written contract of
purchase from the deceased. The complaint set up the contract,
possession under it and a failure to pay installments. The answer
admitted the contract and possession, averred payment of an
installment, and full payment of all that was due on the contract at
the time of commencing the action. The principal question pre-
sented by the appeal was, whether it was incumbent upon the
plaintiff to prove that the payments had not been made, or upon
the defendant to show that they had.

The court at General Term say : " Under these pleadings, the
averment of payment was an affirmative allegation on the part of
the defendant ; and, like other averments of payment, it should be
proved by the party who alleges it. The only issue on the plead-
ings appears to be the issue of payment on the contract. And on
pleadings thus framed we think that it was for the defendant to
prove the payment which he had averred."

*Youmans & Niles,* for the appellant. *Gilbert & Maynard,* for
the respondent.

Opinion by Learned, P. J.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment modified by reducing damages to six cents, and as modified affirmed, without costs of appeal.

---

THE PEOPLE ex rel. ASA STANTON, APPELLANT, v. LUCIEN HORTON, AND OTHERS, REFEREES, ETC., RESPONDENTS.

*Garden, meaning of — Highway — land taken for — 1 R. S., 574, § 57.*

APPEAL from an order or judgment of the Special Term, confirming the proceedings of the defendants as referees, in affirming an order of commissioners of highways in the alteration of a highway, whereby a portion of relator's land was taken, which he claimed to be a garden.

The court at General Term say : " The only objection urged is, that a portion of relator's garden was taken in the process of widening and straightening the highway. The statute forbids, that where the part taken has been used as a garden for the previous four years. (1 R. S., 574, § 57.) It is not claimed that the relator consented. Upon this point a number of witnesses were examined upon each side. The commissioners, jury and referee all decided from such evidence, aided by an inspection of the premises, that the part taken never had been cultivated as a garden for the period required. This being a decision upon a conflict of evidence, must be conclusive upon the court. (*Baldwin* v. *City of Buffalo*, 35 N. Y., 375 ; 1 R. S., 519, § 89.)

But upon the evidence taken, it is quite evident that the strip of land taken had not been used as a garden. It had been planted with potatoes and corn, and constituted part of an inclosure in which was a garden, and in that sense only was a part of a garden. Such is the weight of the evidence given on each side. This does not make it a garden within the meaning of the statute. That, in the language of Judge EARL, 'is a piece of ground appropriated to the cultivation of herbs or plants, fruits and flowers. * * * It is not sufficient that the land is inclosed with a garden, but it must be a part of a cultivated garden.' (*People ex rel. Cooke* v. *Comms. of Highways*, 57 N. Y., 550.) The same idea is conveyed